THE MINA A. READ.[1]

THE M. E. BYARD.

CAMP *v.* THE MINA A. READ.

NASH *v.* THE M. E. BYARD.

(*District Court, E. D. New York.* November 12, 1886.)

COLLISION—TWO SCHOONERS—FAULTY LOOKOUT—CHANGE OF COURSE—VESSEL
    CLOSE-HAULED ON PORT TACK—STARBOARD TACK.
    On the evidence, *held,* that the schooner R. was in fault for the collision be-
    tween herself and the schooner B., for not seeing the lights of the B. in time
    to avoid her, and also for a change of course. If the deduction were drawn
    from the evidence that the R. was close-hauled, and made no change of course,
    *held,* that her liability would still be clear, as she was close-hauled on the port
    tack, and hence bound to avoid the B., close-hauled on the starboard tack.

In Admiralty.
*Wilcox, Adams & Macklin,* for Anson Camp and the M. E. Byard.
*Hill, Wing & Shoudy,* for Nash and the Mina A. Read.

BENEDICT, J. It is plain that the Mina A. Read was sailing without
a proper lookout, and I see no reason to doubt that the collision in ques-
tion would have been avoided if the Byard had been seen, as she would
have been seen by a proper lookout on the Mina A. Read, either when
the lights displayed by the Byard became visible, or at the distance at
which the lights of the Mina A. Read were actually seen by those on
board the Byard. By reason of this fault, about which there is no room
for dispute, the Mina A. Read should be held responsible for the collision
that ensued. As between the conflicting statements of the respective
parties in the pleadings, in regard to a change of course on the part of
the Mina A. Read when near the Byard, I think the weight of the evi-
dence to be in favor of the statement of those on board the Byard, and
upon such a finding on that issue the liability of the Mina A. Read fol-
lows, because of the additional fault of changing her course so as to cross
the bows of the Byard, causing the collision thereby. If, laying aside
the case stated in the pleadings, it be found, as perhaps it might be
found upon the evidence from the Mina A. Read, that the Mina A. Read
was sailing close-hauled, and made no change of course, still the liability
of the Mina A. Read would be clear. For, in that case, the Mina A.
Read, sailing close-hauled on the port tack, was bound to avoid the By-
ard, sailing close-hauled upon the starboard tack. And this she failed
to do, because she kept no proper lookout.

Let a decree in favor of the libelant, with an order of reference, be en-
tered in the first case above stated, and in the second case let the libel
be dismissed, with costs.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.